1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS O'HAGAN,

                                          Petitioner,

        v.

WASHINGTON STATE,

                                          Respondent.

No. C14-5123 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  March 21, 2014**

        Petitioner Thomas O'Hagan filed a petition for writ of habeas corpus in this Court on

February 24, 2014.  Dkts. 1 and 4.  The undersigned recommends that the petition be dismissed

without prejudice for failure to exhaust state judicial remedies.

## BACKGROUND

        On February 11, 2014, Mr. O'Hagan paid the filing fee and filed an unsigned Petition for

Writ of Habeas Corpus.  Dkt. 1.  On February 12, 2014, the Clerk directed Mr. O'Hagan to

return a completed signature page to the Court.  Dkt. 2.  Mr. Hagan did so on February 24, 2014.

In his petition, Mr. O'Hagan seeks to challenge a September 12, 2008 conviction for first degree

murder by guilty plea.  Dkt. 1.  Mr. O'Hagan states that he did not appeal from the judgment of

conviction nor did he seek further review by a higher state court.  *Id.*, p. 2.

REPORT AND RECOMMENDATION  - 1

1

**DISCUSSION**

2

    Mr. O'Hagan may pursue federal habeas relief only after he has exhausted his state

3

judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   The exhaustion of state

4

court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C.

5

§ 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state

6

court with a full and fair opportunity to consider all claims before presenting them to the federal

7

court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086

8

(9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual

9

development" of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

10

    In addition, under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas

11

corpus petitions by persons imprisoned under a state court judgment are subject to a one-year

12

statute of limitations.  See 28 U .S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), "[t]he

13

limitation period shall run from ... the date on which the judgment became final by the

14

conclusion of direct review or the expiration of the time for seeking such review ...."  Based on

15

the information provided in his petition, Mr. O'Hagan's conviction became final for purposes of

16

federal law on October 12, 2008, when the 30 days allotted by state rules to file an appeal

17

expired.  Washington Rule of Appellate Procedure (RAP) 5.2; RCW 10.73.090(3)(a).  The 28

18

U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day on October 13,

19

2008 and expired 365 days later, on October 13, 2009.  *See Corjasso v. Ayers*, 278 F.3d 874, 877

20

(9th Cir.2002); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).  Thus, it appears that more

21

than four years passed after expiration of the statute of limitations before Mr. O'Hagan filed his

22

federal habeas corpus petition.

23

24

25

26

REPORT AND RECOMMENDATION  - 2

By way of explanation for his failure to raise all of his grounds for relief to the highest state court having jurisdiction, Mr. O'Hagan merely states "incompetent." Dkt. 1, p. 12. However, even if Mr. O'Hagan can show that his incompetence kept him from timely and properly exhausting his state court remedies, that argument must first be brought by him in the Washington state appellate courts.

**CONCLUSION**

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition until after Mr. O'Hagan has exhausted his state judicial remedies**.** An evidentiary hearing is unnecessary. The Court also recommends **DENYING** issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 21, 2013**, as noted in the caption.

**DATED** this  27th  day of February, 2014.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION  - 3